JOE SHIELDS
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603



JOE SHIELDS IN PRO PER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE SHIELDS | ) CIVIL ACTION No. _____ |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) COMPLAINT FOR CIVIL DAMAGES |
| TIP SYSTEMS LLC AND MARK A. | ) AND PERMANENT INJUNCTIVE |
| STYRON INDIVIDUALLY | ) RELIEF |
| | ) |
| | ) |
| Defendants | ) JURY TRIAL REQUESTED |

ORIGINAL COMPLAINT

1. Plaintiffs Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200 and Texas Business and Commerce Code (hereinafter "TB&CC") §305.053 to obtain statutory civil damages, treble damages, permanent injunctive relief and all other equitable relief the Plaintiff is entitled to.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal

Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by a federal statute namely 47 U.S.C. §227(b)(3). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

3. Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas.

## PLANTIFF

4. Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a cellular telephone subscriber in area code 281 which is in this courts district. Prior to the events complained about Plaintiff had not initiated or requested any contact of any kind with the Defendants. Plaintiff has never done business of any kind with the Defendants.

5. Plaintiff never provided prior express consent to the Defendants for prerecorded message calls to be made to Plaintiff's cellular telephone number 281-467-3XXX.

## DEFENDANTS

6. TIP Systems LLC (hereinafter "TIPS") is a Texas company registered with the Texas Secretary of State to operate under Texas laws. The Defendant TIPS may be served by serving any

employee of Defendant's Texas registered agent Incorp Services Inc. via certified mail return receipt requested at 815 Brazos Street, Suite 500, Austin, Texas 78701.

7. Mark Alan Styron (hereinafter "Styron") is an individual and Director, President and sole acting member of the Defendant TIPS. Defendant Styron, as the sole managing member, controls and oversees the day to day operations of the Defendant TIPS which includes the business decision of initiating prerecorded message calls to cell numbers. The Defendant Styron may be served at his personal residence at 3719 Moonlite Drive, Pasadena, Texas 77505.

## DEFENDANT'S BUSINESS PRACTICES

8. The Defendants operate pay phone services in jails throughout Texas including Harris County. Defendant's pay phone service is set up as an automated collect call system. The system automatically dials telephone numbers provided to the system and delivers a prerecorded message to those dialed telephone numbers. Defendant's prerecorded message advertises the Defendant's services. Prior to the initiation of the prerecorded message calls, Defendants never obtain prior express consent of the called party.

9. The Defendants never notify the user of their system that the Defendants will make prerecorded message calls to cell numbers. The Defendants' system does not scrub cell phone numbers to be

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

called even though wireless carriers reject collect calls to cell phone numbers. Recognizing that collect calls cannot be made to cell phone numbers, Defendants have set up a system that delivers prerecorded messages to cell phone numbers that advertises Defendant's services. The Defendants could easily avoid violating the TCPA by using a live person to ask the call recipient for consent before delivering the prerecorded message.

10. On or about November 24th, 2014 at or about 00:37 a.m., 00:40 a.m. and 00:45 a.m. Plaintiff's cell phone rang indicating an incoming call with CID 832-239-8152. That number is assigned to the Defendants. Not recognizing the number at the time Plaintiff let the prerecorded message calls go to voice mail.

11. Upon downloading the voice mail messages to the cell phone visual voice mail application[1] Plaintiff was met with several prerecorded messages. The prerecorded messages offered the services of the Defendants and asked if the called party wanted to set up an account with the Defendants.

## THE TCPA

12. The TCPA prohibits the initiation of prerecorded message calls to cellular telephone numbers without prior express consent of the called party or an emergency purpose. See 47 U.S.C.

---

[1] The application comes preloaded by the carrier and automatically downloads voice mails to the cell phone. The download is charged to the cell phone data plan.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

§227(b)(1)(A) and 47 CFR §64.1200(a)(1). Prerecorded message calls to cellular telephone numbers made without prior express consent of the called party are an invasion of the called party's privacy a quantifiable and actionable injury under the TCPA. It is the initiation of the call that violates the TCPA not on how the call is received. Delivery of a prerecorded message call to an answering machine does not render a prerecorded message call lawful.

13. The TCPAs prohibition on prerecorded message calls without consent or emergency purpose applies to all calls regardless of content. Unsolicited prerecorded message calls to cell phones are extremely intrusive and a threat to safety when they distract a driver, someone operating heavy equipment or someone responsible for the operation of sensitive equipment. Consequently, there is no exemption for the type of prerecorded message calls made by the Defendants[2].

14. Prior Express consent cannot come from anyone other than the called party. The onus is on the Defendants to prove that they had prior express consent of the called party. It is well established law that Defendants must obtain prior express consent of the called party which is the person that pays for

---

[2] See In the Matter of Correctional Billing dba Evercom Systems, FCC Citation DA 07-1034, Issued March 5th, 2007

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

the cell phone service or is the user of the cell phone service.

## TEXAS BUSINESS AND COMMERCE CODE

15. TB&CC §305.053 provides for a separate private right of action for the receipt of a communication which violates the TCPA or the CFR implemented under the TCPA. The prerecorded message calls were received by the cellphone and then routed to an answering machine. Prerecorded message calls to cellular telephone numbers made without prior express consent of the called party or an emergency purpose are an invasion of the called party's privacy a quantifiable and actionable injury under TB&CC §305.053.

## VIOLATION OF THE TCPA

### Count I through Count III

16. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about November 24th, 2014 at or about 00:37 a.m., 00:40 a.m. and 00:45 a.m. Defendants initiated three (3) prerecorded message calls to Plaintiff's cellular telephone number 281-437-5XXX.

17. There was never any prior express consent from Plaintiff for the Defendants to initiate prerecorded message calls to Plaintiffs' cellular telephone number. Thus the initiation of such prerecorded message calls are a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

VIOLATION OF TB&CC

Counts IV through VI

18. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about November 24th, 2014 at or about 00:37 a.m., 00:40 a.m. and 00:45 a.m. Defendants initiated three (3) prerecorded message calls to Plaintiffs cellular telephone number 281-437-5XXX.

19. There was never any prior express consent from the Plaintiff for the Defendants to initiate prerecorded message calls to Plaintiffs' cellular telephone number. Thus the initiation of such prerecorded message calls are a violation of TB&CC §305.053.

APPLICABLE TO ALL COUNTS

20. Plaintiff has suffered actual damages for the prerecorded message calls to Plaintiff's cellular telephone number. The TCPA and TB&CC state that an individual may bring a civil action against a person who violates the TCPA for actual or statutory damages for each violation of the TCPA. See 47 U.S.C. §227(b)(3) and TB&CC §305.053. Consequently, Plaintiff hereby seeks statutory damages of $500.00 for each violation of the TCPA. Thus, Plaintiff seeks $3,000.00 for counts one (1) through count six (6).

21. Plaintiff additionally alleges that the violations of the TCPA and TB&CC committed by the Defendants were done

willfully and/or knowingly. Pursuant to 47 U.S.C. §227(b)(3) and TB&CC §305.053 Plaintiff seeks additional damages in an amount determined by the Court to be equal to treble the amount found by the Court in accordance with Paragraph 20 hereof.

## PERMANENT INJUNCTIVE RELIEF

22. An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053. Plaintiff and members of the public will benefit from injunctive relief.

23. Plaintiff alleges that Defendants will continue the invasion of Plaintiff's and members of the public privacy. Plaintiff alleges that Defendant will continue to irreparably harm Plaintiff and others by continuing to initiate prerecorded message calls to Plaintiffs' and other members of the public's cellular telephone numbers without prior express consent of the called party. Consequently, Plaintiff, pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053 seeks a permanent injunction barring the Defendants from:

   a. Initiating or assisting, facilitating, permitting or causing prerecorded message calls to the cellular telephone numbers of members of the public without 1st obtaining prior express consent of the recipient of the call.

## PRAYER FOR RELIEF

25. WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein and that upon trial hereof Plaintiff recover a judgment of and from the Defendant for his damages as allowed by law, treble damages, as allowed by law, permanent injunctive relief as allowed by law, all costs of court and for all such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

*Joe Shields*

————————————————
Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603